WESTERN DIST.
*September*, 1831.

BOREL
*vs.*
BOREL ET ALS.

BOREL *vs.* BOREL ET ALS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

The old Civil Code authorised a power of attorney to be given by the wife to the husband to receive her paraphernal property, either *verbally* or in *writing*.

At the time the Civil Code was adopted, laws might be passed in both languages; and, in construing this work, effect will, if possible, be given to both the English and the French texts.

But if the law, as written in each language, presents different ideas, a compliance with either is sufficient.

Parole evidence is admissible to show that the wife authorised her husband to receive her paraphernal estate; or, having received it, that she permitted him to do so, and ratified his acts.

This suit is instituted to have a mortgage, which had been retained on a tract of land and improvements sold to the plaintiff, cancelled, on the ground of complete payment of the price having been made. The defendant, Annette Borel, assisted by her husband, on the sixth of June, 1820, sold to the plaintiff a tract of land and improvements on the bayou Teche for five thousand five hundred dollars, payable in three instalments, the last in June, 1822, for which she gave his notes. She alleges she has paid the price, and produces the receipts of the husband of Annette. She demands the cancellation of the mortgage retained, and, in default thereof, to have the defendant's property distrained until compliance: which if refused, that she have judgment against the husband for the money so paid him.

The defendant, Annette, refused to acknowledge payment or cancel the mortgage, on the ground that her husband, who received the price of the land, had no authority from her to do so, and could not give a discharge, acknowledging payment, to the purchaser. She further alleges it was paraphernal property which had been sold, and that she had never relinquished the administration of any portion of it to her husband,

or constituted him her agent for that purpose. She prays judgment against the plaintiff for five thousand five hundred dollars, the whole of the price and interest thereon. The plaintiff had judgment.

On the trial, parole evidence was received to show the wife's authorisation of her husband to receive her paraphernal property. It was objected to by defendant's counsel, that such authority must be in writing, and cannot be proven by parole.

*Brownson,* for plaintiff, contended:

1. That having completed the payment of the price stipulated for the land purchased, the plaintiff is entitled to have the mortgage cancelled.

2. The wife having authorised and permitted her husband to administer her paraphernal property, and to receive payment, is bound by his acts.

3. Parol testimony is admissible to prove that the husband acted as the agent of the wife in receiving payment.

*Simon,* for defendant.

1. The property sold by the defendant to plaintiff was paraphernal; therefore she had the exclusive administration thereof. The husband had no right to receive the price without being specially authorised by a written power of attorney. *Civil Code, p.* 289, *art.* 139. 10 *Martin,* 310.

2. The payment made by the plaintiff to the defendant's husband is not binding on her; and she cannot be compelled to raise the mortgage resulting from the sale.

3. All the receipts given by the husband mention the property sold as his; and the sale shows that it was the paraphernal property of the wife, which he had nothing to do with the sale of, except to give his authorisation.

*Porter, J.* delivered the opinion of the court.

The plaintiff states that she bought from the defendant, Annette Prevost, (Borel,) assisted by her husband (Eugene Borel,) a tract of land; that she paid the price, and that the said Annette refuses to cancel the mortgage on the ground

that her husband was not authorised to collect the debt. The petition avers that he was legally empowered to do so; and prays that the mortgage may be cancelled, or that if the court should be of opinion she had not the legal right or authority to receive the money, that judgment should be given against the husband for the amount of the debt collected by him.

The husband made no defence, and the wife pleaded that she never authorised him to administer her estate, and was not bound by his acts. The court below, however, gave judgment against her, and directed the mortgage to be cancelled. She appealed.

*The old Civil Code authorised a power of attorney to be given by the wife to the husband to receive her paraphernal property, either verbally or in writing.*

On the trial the plaintiff offered parole evidence to establish the authority of the husband to act for his wife, and administer her paraphernal estate. It was objected to, but admitted. The appellant has renewed the objection here, and insists that the power should be in writing.

*At the time the Civil Code was adopted, laws might be passed in both languages; and, in construing this work effect will, if possible, be given to both the English and the French texts.*

The old code under which the transactions that have produced this suit arose, provides, that "the wife may give a letter of attorney to her husband." In the French text the words are, "*peut donner sa procuration a son marie.*" At the time this code was enacted, laws might be passed in both languages; and we have repeatedly held, that it was our duty in construing it, to give both texts, if possible, effect. Hence, where the law as written in each language presented distinct ideas, we have considered that a compliance with either was sufficient; otherwise the instrument would be a decoy, instead of a beacon. In the instance before us, the term *procurations* embraces every mode by which a power of attorney can be conferred; and one of these modes is by parole. *Civil Code,* 334, 335, *art.* 59; 423, *art.* 6. 12 *Martin,* 702. 1 *Martin, N. S.* 426.

*But if the law, as written in each language, presents different ideas, a compliance with either is sufficient.*

*Parole evidence is admissible to show that the wife authorised her husband to receive her paraphernal estate; or, having received it, that she permitted him to do so, and ratified his acts.*

Believing the evidence to be correctly admitted we have next to examine its effect. It is not very conclusive, but we are satisfied, that it does not so preponderate on the side of the appellant, as to authorise us to reverse the judgment which the court below has rendered on the question of fact. It appears the husband was in the habit of administering on his wife's property, and managing, generally, her affairs; but

their domestic peace was frequently interrupted by quarrels;

that when these quarrels took place, the wife protested against his interfering .with her property; and that on one, or perhaps more than one occasion, she forbade him collecting the debt in question. As soon as a reconciliation took place, things took their former course; and the husband resumed the administration of her affairs until another dispute arose between them. It is proved the wife has brought two or three suits for separation, and has abandoned them. In one she expressly charges that her husband is to account to her for the price of this land: an averment strongly implying that he had been authorised to receive it; or that if he had not been so authorised, that she sanctioned the act. When we join to these circumstances the fact, that eight years has elapsed since the last payment was made, and during all this period no steps have been taken by the wife to collect the debt, we are unable to say the judge below erred in deciding that the husband received the money by authority from his wife, or at least with a knowledge on her part that he was doing so, and that she did not oppose it. We come the more readily to this conclusion, because it meets the justice of the case, the estate of the husband being amply sufficient to satisfy all demands of the wife against it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.